**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RITA BOTELHO, DASHAWN PEYTON, and MICHAEL SHANAHAN, *individually on behalf of themselves and all others similarly situated*, | ) ) ) ) | |
| Plaintiffs, | ) | Case No._____ |
| | ) | |
| v. | ) ) | Removed from the Superior Court of New Jersey, Civil Division Hudson County |
| THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC, | ) ) ) ) | Case No. HUD-L-001490-26 |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants The Towers At Portside Urban Renewal Company, LLC and Equity Residential Management, LLC ("Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of New Jersey, Civil Division Hudson County to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1332(d), 1441, 1446, and 1453.

This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), because (1) this is a civil action filed as a class action; (2) the proposed class consists of more than 100 members; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) minimal diversity exists between the parties.  In support of this Notice, Defendants state the following.

**BACKGROUND**

1.      On April 10, 2026, Plaintiffs Rita Botelho, Dashawn Peyton, and Michael Shanahan ("Plaintiffs"), filed a Class Action Complaint (the "Complaint") in the Superior Court

1

of New Jersey.  Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibit A.

3.    Plaintiffs' Complaint alleges that Defendants are liable for violations of the New Jersey Consumer Fraud Act, violations of the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act, and breach of contract against Defendants for unconscionable and unlawful rent leveling practices at apartment complexes located at 100 Warren Street, Jersey City, New Jersey ("100 Warren" or "Portside West") and 155 Washington Street, Jersey City, New Jersey ("155 Washington" or "Portside East") (collectively, the "Buildings").

4.    Plaintiffs purport to bring this action on behalf of a proposed class that Plaintiffs defined as: "All current and former tenants of 100 Warren Street and 155 Washington Street who resided in 100 Warren Street and/or 155 Washington Street and who paid rent during the period in which the Buildings were subject to rent control (the "Class")."  (Compl. ¶138.)

5.    Plaintiffs seek compensatory and punitive damages, attorneys' fees, costs, and expenses, pre-judgment and post-judgment interest, declaratory judgment, an order to comply with Jersey City, N.J. Code of Ordinances §260-1 *et seq.*, voiding all unlawful terms in the proposed Class members' leases, and such other and further relief as the Court deems just and equitable. (Compl. at 31-32.)

## VENUE

6.    The Superior Court of New Jersey for Hudson County is located within the District of New Jersey.  Venue is therefore proper in this Court pursuant to 28 U.S.C. §1441(a), as this Court encompasses the district in which the state court action is pending.

## TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1) as the Complaint was filed on April 10, 2026.

## NOTICE TO PLAINTIFFS AND STATE COURT

8.     Concurrently with the filing of this Notice, Defendants are providing written notice to counsel for Plaintiffs and filing a copy of this Notice with the Clerk of the Superior Court of New Jersey, as required by 28 U.S.C. §1446(d).

## GROUNDS FOR REMOVAL: CAFA JURISDICTION

**I.      This Court Has Jurisdiction Under CAFA, 28 U.S.C. § 1332(d).**

**A.      This Action Is a "Class Action" Within the Meaning of CAFA.**

10.     Under CAFA, a "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."   28 U.S.C. §1332(d)(1)(B).

11.     Plaintiffs' Complaint is captioned as a "Class Action Complaint" and expressly alleges that Plaintiffs bring this action pursuant to N.J. Court Rule 4:32-1 *et. seq.*, (Compl. ¶138), which authorizes one or more representative persons to bring a class action.  This action therefore qualifies as a class action under CAFA. *See Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 186 (3d Cir. 2014) (internal quotation marks and citations omitted) ("It is beyond dispute that this action was filed under a state statute similar in nature to Rule 23 . . . New Jersey Rule 4:32 is a replica of Rule 23[.]")

3

**B.      Minimal Diversity Exists.**

12.      CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. §1332(d)(2)(A). Citizenship is determined as of the date the state court complaint was filed.

13.      Plaintiff DaShawn Peyton is alleged to be a citizen and resident of New Jersey. (Compl. ¶25.)

14.      Defendant Equity Residential Management, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Illinois.  Defendant Equity Residential Management, LLC is therefore a citizen of Delaware and Illinois for diversity purposes under Section 1332(d)(10).  *See Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 504 (3d Cir. 2013).

15.      Because Plaintiff Peyton is a citizen of New Jersey and Defendant Equity Residential Management, LLC is a citizen of Delaware and Illinois—different states—minimal diversity of citizenship exists pursuant to 28 U.S.C. §1332(d)(2)(A).  No change of citizenship has occurred since commencement of the action.

**C.      The Putative Class Consists of At Least 100 Members.**

16.      CAFA requires that the number of members of all proposed plaintiff classes in the aggregate be at least 100.  28 U.S.C. §1332(d)(5)(B).

17.      Plaintiffs' proposed class is defined by Plaintiffs as: "All current and former tenants of 100 Warren Street and 155 Washington Street who resided in 100 Warren Street and/or 155 Washington Street and who paid rent during the period in which the Buildings were subject to rent control (the "Class")."  (Compl. ¶138.)  The Plaintiffs' Complaint states that, "[t]he Class is

4

believed to include thousands of both current and former tenants." (Compl. ¶139.) Based on the Plaintiffs' own allegations, the Plaintiffs' proposed class plainly exceeds 100 members.

### D.    The Aggregate Amount in Controversy Exceeds $5,000,000.

18.    CAFA confers federal jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). "[T]he claims of the individual class members shall be aggregated" to determine whether the threshold is met. 28 U.S.C. §1332(d)(6).

19.    A notice of removal need only contain a "short and plain statement of the grounds for removal," including a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. §1446(a); *see, e.g.*, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). Evidence is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 88-89.

20.    Plaintiffs seek compensatory and punitive damages, attorneys' fees, costs, and expenses, pre-judgment and post-judgment interest, declaratory judgment, an order to comply with N.J. Code ch. 260-1 *et seq.*, voiding all unlawful terms in the proposed Class members' leases, and such other and further relief as the Court deems just and equitable. Based on the amount of rents collected and the estimated class size of thousands of current and former tenants, the claims of putative class members in the aggregate plausibly exceed $5,000,000, exclusive of interest and costs.

### E.    The CAFA Exceptions Do Not Apply.

21.    CAFA contains three exceptions based on the citizenship of the parties and their connection to the forum state: the mandatory home-state exception (§1332(d)(4)(B)), the mandatory local-controversy exception (§1332(d)(4)(A)), and the discretionary exception

(§1332(d)(3)).  The burden of demonstrating the applicability of any exception rests with the party seeking remand.  *See, e.g., Dart Cherokee*, 574 U.S. at 83.

22.     None of these exceptions applies here.  Equity Residential Management, LLC, is not a citizen of New Jersey—it was organized in Delaware with its principal place of business in Illinois.  Because Equity Residential Management, LLC, is not a citizen of the state in which the action was filed, the home-state and discretionary exceptions are inapplicable.  *See* 28 U.S.C. §1332(d)(3), (d)(4).

23.     The local-controversy exception does not apply, including because the same factual allegations have been asserted in a class action filed within the past three (3) years against the same defendants.  *See Compl.*, *The Portside Towers West Tenant Assoc. et. al. v. The Towers at Portside Urban Renewal Company, LLC, et. al.*, Civil Case No.: 24-cv-07508 (D.N.J. July 2, 2024, Judge Cox Arleo) (Ex. B.)

| | |
|---|---|
| Dated   April 14, 2026 | The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC |

By: */s/ Derek D. Reed*

*Attorneys for The Towers at*
*Portside Urban Renewal Company L.L.C.*
*and Equity Residential Management, LLC*

Derek D. Reed, Esq. (Attorney ID # 038062003)
Jeffrey Plaza, Esq.
Ehrlich, Petriello, Gudin, Plaza & Reed
A Professional Corporation
60 Park Place, Suite 1016
Newark, New Jersey 07102
Phone: (973) 643-0040

Terri L. Mascherin (pro hac vice to be submitted)
Andrew W. Vail (pro hac vice to be submitted)
Daniel J. Weiss (pro hac vice to be submitted)
Jenner & Block LLP
353 Norh Clark Street

6

354 Chicago, Illinois 60654
Phone: (312) 222-9350
Facsimile: (312) 840-7375