## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RITA BOTELHO, DASHAWN PEYTON, and MICHAEL SHANAHAN, *individually on behalf of themselves and all others similarly situated,*

                    Plaintiffs,

    v.

THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC,

                    Defendants.

Case No. 2:26-cv-03932

MOTION DAY: May 18, 2026

Hon. Madeline Cox Arleo
Hon. Jose R. Almonte

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF <u>THEIR MOTION TO REMAND</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT........................................................................................2

    A.   The Parties Agreed That All Disputes Would Be Tried in State Court ...............................................................................................2

    B.   CAFA Does Not Override a Contractual Waiver of Federal Jurisdiction ......................................................................................3

    C.   The Court Should Award Plaintiffs Their Attorneys' Fees and Costs ...............................................................................................5

III.  CONCLUSION....................................................................................7

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*,
    880 F.3d 668 (4th Cir. 2018).................................................................................... 3

*Fleet v. Trion Worlds, Inc.*,
    No. C 15-04721 WHA, 2016 WL 122855 (N.D. Cal. Jan. 12, 2016) ................... 4

*Grasso Foods, Inc. v. Entex Techs., Inc.*,
    No. CV 21-17788, 2022 WL 2046936 (D.N.J. June 7, 2022) .............................. 3

*Guenther v. Crosscheck Inc.*, No. C,
    09-01106 WHA, 2009 WL 1248107 (N.D. Cal. Apr. 30, 2009) .......................... 4

*Integrated Health Res., LLC v. Rossi Psychological Group, P.A.*,
    537 F. Supp. 2d 672 (D.N.J. 2008) ................................................................. 3, 5

*League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*,
    921 F.3d 378 (3d Cir. 2019)................................................................................ 6

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ............................................................................................ 5

*Nat'l Premium Budget Plan Corp. v. Nat'l Fire Ins. Co. of Hartford*,
    97 N.J. Super. 149, 234 A.2d 683 (Law. Div. 1967) .......................................... 2

*Norris v. Com. Credit Counseling Servs., Inc.*,
    No. 4:09-CV-206, 2010 WL 1379732 (E.D. Tex. Mar. 31, 2010) ...................... 4

*Piechur v. Redbox Automated Retail, LLC*,
    No. 09-CV-984-JPG, 2010 WL 706047 (S.D. Ill. Feb. 24, 2010)....................... 4

*Pizzeria v. Harbortouch*,
    No. 13-CV-0058 JAP, 2013 WL 4008914 (D.N.J. Aug. 5, 2013) ....................... 4

*S. Annville Twp. v. Kovarik*,
    651 F. App'x 127 (3d Cir. 2016) ....................................................................... 6

ii

*Spectracom, Inc. v. Tyco International, Inc.*,
   124 F. App'x 75 (3d Cir. 2004) ........................................................................ 2, 3

*Wall St. Aubrey Golf, LLC v. Aubrey*,
   189 F. App'x 82 (3d Cir. 2006) ........................................................................ 3, 5

*Yellen v. Teledyne Cont'l Motors, Inc.*,
   832 F. Supp. 2d 490 (E.D. Pa. 2011) ................................................................. 6

Statutes

28 U.S.C. § 1332(d) ........................................................................................ 1
28 U.S.C. § 1447(c) ................................................................................... 5, 6, 7

iii

## I.    INTRODUCTION

This case does not belong in federal court — and Defendants know it.

On April 10, 2026, Plaintiffs Rita Botelho, DaShawn Peyton, and Michael Shanahan (collectively, "Plaintiffs") filed a Class Action Complaint against Defendants The Towers at Portside Urban Renewal Company, LLC ("Portside") and Equity Residential Management, LLC (individually, "Equity" and collectively, "Defendants") in the Superior Court of New Jersey, Civil Division, Hudson County. The Complaint arises from leases (the "Leases") Plaintiffs entered into with Defendants. Every one of those Leases contains a mandatory forum selection clause in Paragraph 35 requiring that "all legal action arising from this Lease shall be tried in the county where the Community is located." Examples of Plaintiffs' recent Leases are attached as Exhibits A, B, and C. The forum selection clause is binding on Equity as a signatory to the Leases and on Portside, because Equity signed the Leases as an agent of Portside, which is the buildings' owner. *See* Exs. A-C at 1, 2, 27.

Four days after Plaintiffs filed the Complaint, on April 14, 2026, Defendants filed a Notice of Removal (Dkt. No. 1), invoking the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). That argument fails. Defendants contractually agreed to litigate in New Jersey state court and cannot use CAFA to escape that obligation. Every court to have addressed this precise conflict has enforced the

1

forum selection clause. This Court should do the same — and should award Plaintiffs their attorneys' fees and costs for being forced to respond to a removal that Defendants knew the law forecloses.

## II.    ARGUMENT

### A.    The Parties Agreed That All Disputes Would Be Tried in State Court

The forum selection clauses in the Leases are unambiguous: "all legal action arising from this Lease shall be tried in the county where the Community is located." Exs. A-C at ¶ 35. This paragraph is binding on Plaintiffs and Equity as signatories and on Portside, because Equity signed the Leases as Portside's agent. *See Nat'l Premium Budget Plan Corp. v. Nat'l Fire Ins. Co. of Hartford*, 97 N.J. Super. 149, 196, 234 A.2d 683, 708 (Law. Div. 1967), *aff'd*, 106 N.J. Super. 238, 254 A.2d 819 (App. Div. 1969). The Community is located in Hudson County, New Jersey and there is no federal courthouse in Hudson County, New Jersey. The parties therefore contracted to resolve their disputes exclusively in New Jersey state court — and waived access to any federal forum.

The Third Circuit and courts in this District have consistently enforced exactly this type of clause. In *Spectracom, Inc. v. Tyco International, Inc.*, 124 F. App'x 75, 76 (3d Cir. 2004), the Third Circuit affirmed that a forum selection clause "precluded litigation in any federal forum" because the parties had agreed to litigate in a county with no federal courthouse. As the court explained, "because there was no federal

court sitting in Arapaho County, the clause referred only to the state court in Arapaho County." *Id.* at 76 n.2. The same logic applies here with equal force.

Decisions from this District and beyond confirm the rule. *See Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018) (holding that forum selection clause mandating a county without a federal courthouse precluded removal); *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 87 (3d Cir. 2006) (forum selection clause requiring venue in Butler County precluded federal jurisdiction because no federal court sits there); *Grasso Foods, Inc. v. Entex Techs., Inc.*, No. CV 21-17788, 2022 WL 2046936, at *9 (D.N.J. June 7, 2022) (remanding where it was "physically and logically impossible for a federal district court to hear the case" in the specified county); *Integrated Health Res., LLC v. Rossi Psychological Group, P.A.*, 537 F. Supp. 2d 672, 675 (D.N.J. 2008) (clause consenting to "courts of the State of New Jersey sitting in Somerset County" prohibited removal);.

The parties made their choice when they signed the Leases and that choice controls.

**B.      CAFA Does Not Override a Contractual Waiver of Federal Jurisdiction**

Defendants' invocation of CAFA changes nothing. CAFA expanded federal jurisdiction over certain class actions; it did not nullify private forum selection

agreements. Defendants voluntarily agreed to litigate in state court and cannot now invoke a jurisdictional statute to escape a bargain they struck.

Every court to confront this question has reached the same conclusion. In *Guenther v. Crosscheck Inc.*, No. C 09-01106 WHA, 2009 WL 1248107, at *5 (N.D. Cal. Apr. 30, 2009), the court held flatly that "CAFA does not trump a valid, enforceable and mandatory forum-selection clause by which parties agreed to litigate in state court." The court underscored the point: "CAFA gave federal courts 'original' jurisdiction over class actions that satisfy certain criteria, but it did not give federal courts *exclusive* jurisdiction over this action." *Id.* (emphasis in original).

The consensus is uniform. *See Fleet v. Trion Worlds, Inc.*, No. C 15-04721 WHA, 2016 WL 122855, at *5 (N.D. Cal. Jan. 12, 2016) ("Every decision that has addressed the conflict between a mandatory forum-selection clause and the right to removal under CAFA has enforced the forum-selection clauses at issue, CAFA notwithstanding."); *Pizzeria v. Harbortouch*, No. 13-CV-0058 JAP, 2013 WL 4008914, at *3 (D.N.J. Aug. 5, 2013) (CAFA did not override forum selection clause requiring litigation in state court); *Piechur v. Redbox Automated Retail, LLC*, No. 09-CV-984-JPG, 2010 WL 706047, at *4 (S.D. Ill. Feb. 24, 2010) (granting remand despite CAFA jurisdiction); *Norris v. Com. Credit Counseling Servs., Inc.*, No. 4:09-CV-206, 2010 WL 1379732, at *3 (E.D. Tex. Mar. 31, 2010) (same).

4

Not a single court has held otherwise. Defendants cite no contrary authority because none exists.

### C.    The Court Should Award Plaintiffs Their Attorneys' Fees and Costs

Defendants' removal was not just wrong — it was willfully so. The law on this issue is settled, the forum selection clause is explicit, and Plaintiffs even cited the controlling authorities in the Complaint itself. *See* Dkt. No. 1-1, ¶ 35 (citing *Wall St. Aubrey Golf*, 189 F. App'x at 87, and *Integrated Health Res.*, 537 F. Supp. 2d at 675). Defendants either ignored those authorities or pressed forward regardless. Either way, Plaintiffs should not bear the cost of litigating a removal that was foreclosed from the outset.

The removal statute (28 U.S.C. § 1447(c)) authorizes the Court to award Plaintiffs' "just costs" and "actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award of fees is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The purpose of awarding fees in these circumstances is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress'[s] basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

5

Where a defendant removes despite clear, binding precedent to the contrary, a fee award is appropriate. *See League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019) (holding that district court did not abuse its discretion in awarding fees where removing party "had no objectively reasonable basis for contending the removal statutory criteria were satisfied."); *S. Annville Twp. v. Kovarik*, 651 F. App'x 127, 129 (3d Cir. 2016) (affirming district court's decision to award fees under Section 1447(c) where it determined that the grounds for removal were "insubstantial"); *Yellen v. Teledyne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 508 (E.D. Pa. 2011) (awarding fees under Section 1447(c) where the defendants "had no objectively reasonable basis for seeking removal").

The Leases are contracts of adhesion that Defendants prepared. The forum selection clauses in those Leases, as drafted by Defendants, require this dispute to be heard in New Jersey state court. CAFA does not override that agreement. Every court to have addressed the issue has enforced the clause and remanded. Accordingly, Defendants had no objectively reasonable basis for seeking removal here and Plaintiffs are entitled to their attorneys' fees and costs incurred as a result of Defendants' improper removal.

6

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court remand this action to the Superior Court of New Jersey, Civil Division, Hudson County and request an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

Dated: April 17, 2026      By:   *s/Patrick Howard*
                                     Simon Bahne Paris (NJ ID #04982-1996)
Patrick Howard (NJ ID #02280-2001)
Joshua D. Snyder (NJ ID #02390-2001)
Benjamin J. Eichel (NJ ID #31779-2019)
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053
Telephone: (215) 575-3985
Email: sparis@smbb.com
       phoward@smbb.com
       jsnyder@smbb.com
       beichel@smbb.com

Eric J. Nemeth, Esq.
**ERIC J. NEMETH, P.C.**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
enemeth@ejcounsel.com

Neil D. Marotta, Esq.
NJ ID # 02478-1992
**MAROTTA & GARVEY**
3916 Bergenline Avenue, Suite 2200
Union City, NJ 07087
mglawyers@aol.com

*Attorneys for Plaintiffs and the Proposed Class*

8