**SALTZ
MONGELUZZI
BENDESKY**

T R I A L   L A W Y E R S

<table>
<tr><td>MONTGOMERY COUNTY OFFICE<br>120 GIBRALTAR RD<br>SUITE 218<br>HORSHAM, PA 19044<br>VOICE 215.496.8282<br>FAX 215.754.4443</td><td>ONE LIBERTY PLACE,<br>52ND FLOOR<br>1650 MARKET STREET<br>PHILADELPHIA, PA 19103<br>VOICE 215.496.8282<br>FAX 215.496.0999</td><td>NEW JERSEY OFFICE<br>8000 SAGEMORE DRIVE<br>SUITE 8303<br>MARLTON, NJ 08053<br>VOICE 856.751.8383<br>FAX 856.751.0868</td></tr>
</table>

PATRICK HOWARD | PARTNER
DIRECT DIAL: 215-575-3895
PHOWARD@SMBB.COM

June 3, 2026

**VIA ECF**

Hon. José R. Almonte
United States Magistrate Judge for the
District of New Jersey
Courtroom MLK 4D
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> **Re:** ***Botelho, et al. v. The Towers at Portside Urban Renewal Company, LLC and Equity Residential Management, LLC***
> ***Case No. 2:26-cv-03932-MCA-JRA***

Dear Judge Almonte:

This office represents the Plaintiffs *in Botelho, et al. v. The Towers at Portside Urban Renewal Co., LLC*, 26-cv-03932 (D.N.J.), which was removed from Hudson County Superior Court by Defendants on April 14, 2026. We write in response to the Defendants' letter of June 2, 2026.

As an initial matter, it is not this office's practice to send letters to the Court. We believe that if a party desires relief from the Court, it must follow Local Civil Rule 7.1(b)(1) and file the appropriate motion. We respond by letter here only because the allegations in Defendants' letter warrant an immediate response.

Defendants continue to blur the now-dismissed class action that was originally filed in 2024 by different lawyers and class representatives (*Portside Towers West Tenant Assoc., et al. v. The Towers at Portside Urban Renewal Co., LLC.*, 24-cv-7508 (D.N.J.)) and the above-captioned matter. With respect to the 2024 class action, Defendants neither served an answer nor filed a motion for summary judgment. Accordingly, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiffs voluntarily dismissed that action on April 9, 2026. *Id*. at Dkt. 31.

Hon. José R. Almonte
Page 2
June 3, 2026

—————————————

Since that voluntary dismissal, Defendants have twice written to this Court – first in the 2024 action (*id.* at Dkt. 33), and again in their June 2, 2026, letter – that Plaintiffs' exercise of their Rule 41 right was somehow improper. If Defendants believe those arguments have merit, the proper course is to follow Local Rule 7.1(b)(1) and file the appropriate application for relief from the Court. Repeated letters casting unsubstantiated aspersions at counsel are not a substitute for that process.

With respect to Plaintiffs' Motion to Remand in the *Botelho* matter, there is no stay, contrary to what Defendants' letter claims. In fact, this Court, via text order, set the remand motion day for June 15, 2026. *Botelho*, Dkt. No. 6. Defendants contacted Plaintiffs about another extension for their opposition on May 26. ECF No. 13-1. Plaintiffs responded that same day. Thereafter, Defendants suggested that the parties agree to an indefinite extension until after the prerogative writ matter was resolved. Plaintiffs disagreed and set out the reasons why. Plaintiffs nevertheless, again, offered to move the June 15, 2026, motion day to July 6, 2026, to accommodate any scheduling issues. That offer was conveyed again on Wednesday, May 27, 2026. *Id.* In that same email, Plaintiffs requested that Defendants "let us know how [they]'d like to proceed." Defendants never responded. The Court's June 1, 2026, deadline came and went without an opposition from Defendants to the remand motion, an order extending the deadline to respond, or even a request for such an extension. Plaintiffs therefore filed their Reply at the close of business on June 2, 2026.

Critically, Plaintiffs' willingness to consent to an extension was never the operative question. This Court — not the parties — set the briefing schedule, and only this Court could extend it. Even if Plaintiffs agreed, Defendants still needed to obtain the Court's approval to alter the deadline the Court had ordered; a private agreement between counsel does not amend a court-ordered schedule. Defendants neither secured Plaintiffs' consent to an indefinite stay nor sought relief from the Court.

Defendants' letter is nothing short of duplicitous. Plaintiffs are not, and were not, "unfairly misleading the Court," as Defendants' letter claims. Dkt. No. 13 at 2 ("These Tenants and their counsel's continued violations of the Court's stay and attempt to game the process that this Court intentionally put in place, including the mediation, knows no bounds."). Plaintiffs simply adhered to the Court's order; it was Defendants who did not.

Plaintiffs do not believe a conference with the Court is warranted. As Plaintiffs' Reply makes clear: the Court lacks subject matter jurisdiction over this matter, and it should be remanded to Hudson County. If Defendants have a serious claim of wrongdoing, it should be raised in a pleading so it can be evaluated through the prism of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

We thank the Court for its attention to this matter.

Respectfully submitted,

Patrick Howard