# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RITA BOTELHO, DASHAWN PEYTON, and MICHAEL SHANAHAN, *individually on behalf of themselves and all others similarly situated,*<br><br>               Plaintiffs,<br><br>   v.<br><br>THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>            Defendants. | Case No. 2:26-cv-03932<br><br>MOTION DAY: May 18, 2026<br><br>Hon. Madeline Cox Arleo<br>Hon. Jose R. Almonte |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REMAND

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...........................................................................................................3

    I.    PLAINTIFFS HAVE NOT WAIVED THE FORUM SELECTION CLAUSE. ...........................................................................................3

        A.    Defendants Bear the Burden of Proving Waiver by Clear and Convincing Evidence — a Burden They Cannot Meet ..............3

        B.    An Unincorporated Association Cannot Waive Its Members' Individual Contractual Rights...................................................6

        C.    N.J.S.A. § 2A:64-1 is a Procedural Mechanism that does not Extinguish Individual Members' Substantive Contractual Rights..........................................................................................8

        D.    Merely Filing Claims in Federal Court Does not Waive a Forum Selection Clause............................................................8

    II.    EQUITY IS BOUND BY THE FORUM SELECTION CLAUSE ......9

        A.    Equity Signed the Leases and is Subject to the Forum Clauses................................................................................10

        B.    Equity is Bound as a Closely Related Party ...........................11

    III.    IF ANY PARTY IS ENTITLED TO FEES, IT IS PLAINTIFFS ......13

CONCLUSION .....................................................................................................15

i

# TABLE OF AUTHORITIES

## Cases

*Baldinger v. Baldinger*,
  No. A-1733-09T2, 2011 WL 2637005 (N.J. Super. Ct. App. Div. July 7, 2011)...4

*Bel-Ray Co. v. Chemrite Ltd.*,
  181 F.3d 435 (3d Cir. 1999) ....................................................................10

*Canon Fin. Servs., Inc. v. Serveco N. Am., LLC*,
  No. CV 19-17910, 2020 WL 4035460 (D.N.J. July 16, 2020)..........................11

*Cole v. Jersey City Med. Ctr.*,
  215 N.J. 265 (2013) ..........................................................................3, 9

*Dart Mech. Corp. v. Johnson Controls, Inc.*,
  No. 13-CV-2941(JS)(WDW), 2013 WL 5937424 (E.D.N.Y. Nov. 4, 2013).........7

*Fattore v. Fattore*,
  458 N.J. Super. 75 (App. Div. 2019) ....................................................6

*Foley & Lewis Racing, Inc. v. Burling*,
  No. CIV.A. 07-972, 2008 WL 544655 (D.N.J. Feb. 27, 2008) ..........................12

*Hayward Indus., Inc. v. CompuPool Prods.*,
  No. 2:22-CV-07330-JKS-MAH, 2025 WL 88104 (D.N.J. Jan. 14, 2025)...........11

*Hinnant v. Am. Ingenuity, LLC*,
  554 F. Supp. 2d 576 (E.D. Pa. 2008)....................................................10

*Home Owners Constr. Co. v. Borough of Glen Rock*,
  34 N.J. 305 (1961) ............................................................................4

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
  909 F.3d 48 (3d Cir. 2018) ..................................................................11

*Kassis v. Blue Ocean Holdings, L.L.C.*,
  No. A-5200-14T1, 2016 WL 6440650 (N.J. Super. Ct. App. Div. Nov. 1, 2016)10

*Knorr v. Smeal*,
  178 N.J. 169 (2003) ..........................................................................3, 6

*Largoza v. FKM Real Est. Holdings, Inc.*,
  474 N.J. Super. 61 (App. Div. 2022) ............................................................8 n.3

*Marmo & Sons Gen. Contracting, LLC v. Biagi Farms, LLC*,
  478 N.J. Super. 593 (App. Div. 2024) ..................................................4

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)................................................................................13

*McNeill v. Zoref*,
    687 A.2d 1052 (N.J. Super. Ct. App. Div. 1997) ................................12

*Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    7 F.3d 1110 (3d Cir. 1993) ...................................................................10

*Route 22 Nissan, Inc. v. Eur. Auto Expo, LLC*,
    No. A-3504-23, 2025 WL 2717954 (N.J. Super. Ct. App. Div. Sept. 24, 2025)....4

*Spaeth v. Srinivasan*,
    403 N.J. Super. 508 (App. Div. 2008) .............................................5, 8

*Stovall v. N.J. Mfrs. Ins. Co.*,
    No. 25-2113, 2025 WL 2200914 (E.D. Pa. Aug. 1, 2025) ...................7

*Unity Creations, Inc. v. Trafcon Indus., Inc.*,
    137 F. Supp. 2d 108 (E.D.N.Y. 2001) ...................................................7

*YA Global Invs., L.P. v. Cliff*,
    15 A.3d 857 (N.J. Super. Ct. App. Div. 2011) ....................................12

## Statutes

28 U.S.C. § 1447(c)....................................................................................13

N.J.S.A. § 2A:64-1 ......................................................................................7

## Other Authorities

Restatement (Third) of Agency § 2.02 ........................................................6

## PRELIMINARY STATEMENT

Defendants do not dispute that Plaintiffs' leases contain forum selection clauses requiring that "all legal action arising from this Lease shall be tried in the county where the Community is located" — meaning state court in Hudson County, New Jersey. The opposition raises two arguments against enforcement: (1) that Plaintiffs waived the forum selection clause through the prior litigation conduct of the Tenant Associations[1]; and (2) that Defendant Equity Residential Management, LLC ("Equity") is not a party to the leases and is therefore not bound by the forum selection clause. Neither argument has merit, and neither is supported by a case on point. The clause is enforceable, it has not been waived, and Equity is bound by it.

Before turning to the legal arguments, Plaintiffs address several material factual mischaracterizations in Defendants' Background section. These mischaracterizations have no bearing on the legal issues before the Court and appear designed to create the false impression that Plaintiffs acted in bad faith.

**There Is No Agreed-Upon or Court-Ordered Mediation Process.** Defendants repeatedly invoke "the agreed process" and ongoing mediation before retired Judge Falk as the context in which Plaintiffs' state court filing must be judged. Opp. at 1–2, 8. That framing is false. As of April 1, 2026 — nine days

---

[1] The Tenant Associations are the Portside Towers West Tenant Association and the Portside Towers East Tenant Association.

1

before the filing Defendants characterize as "disrupting an established and orderly court-sanctioned process" — the Defendant-Intervenors in the Related Actions[2] met with Judge Falk for the final time, and realized that, following almost a full year of negotiations and substantial investment of time,  the voluntary mediation process had become unproductive. The Defendant-Intervenors accordingly exercised their right to withdraw from that process. There was therefore no ongoing court-ordered mediation, and no framework being "disrupted" when Plaintiffs filed this action in Hudson County Superior Court.

**Defendants Systematically Conflate These Plaintiffs with Other Tenants.** The entirety of Defendants' Background section describes litigation conduct by the Tenant Associations and other tenants in the Related Actions, then asserts — without legal support — that this conduct is attributable to Plaintiffs Botelho, Peyton, and Shanahan. It is not. Those three individuals are not parties to the Related Actions. They filed no pleadings in this Court, moved to intervene in nothing, and entered into no agreed orders. Defendants' assertion that "the Plaintiffs in this case embraced the Court's jurisdiction" (Opp. at 6) has no factual support as applied to these individuals. They are three tenants who signed residential leases containing a forum

---

[2] The Related Actions are defined as Case Nos. 2:24-CV-07508 and 2:23-CV-22291 currently pending before this Court.

2

selection clause and filed this action in the forum those leases require — the exercise of a contractual right, not a breach of any agreement.

None of these background points have any bearing on the legal questions this Court must decide. The motion to remand should be granted.

## ARGUMENT

**I.    PLAINTIFFS HAVE NOT WAIVED THE FORUM SELECTION CLAUSE.**

### A.    Defendants Bear the Burden of Proving Waiver by Clear and Convincing Evidence — a Burden They Cannot Meet

Defendants invoke the doctrine of waiver, but they fundamentally misstate both its requirements and who bears the burden of proving it. Under New Jersey law, "[w]aiver is the voluntary and intentional relinquishment of a known right," and "[a]n effective waiver requires a party to have full knowledge of his legal rights and intent to surrender those rights." *Knorr v. Smeal*, 178 N.J. 169, 177 (2003). "[T]he intent to waive need not be stated expressly, provided the circumstances clearly show that *the party* knew of the right and then abandoned it either by design or indifference. The party waiving a known right must do so clearly, unequivocally, and decisively." *Id.* (cleaned up and emphasis added). "Waiver is never presumed." *Cole v. Jersey City Med. Ctr.*, 215 N.J. 265, 276 (2013). Critically, a contractual right to litigate in a particular forum "can only be overcome by clear and convincing

3

evidence that *the party asserting it* chose to seek relief in a different forum." *Id.* (emphasis added).

As the parties asserting waiver, Defendants "bear[] the burden of proving that the waiving party knew of his or her rights pursuant to the contract and intended to abandon those rights." *Baldinger v. Baldinger*, No. A-1733-09T2, 2011 WL 2637005, at *3 (N.J. Super. Ct. App. Div. July 7, 2011). "A party claiming another has waived a right, bears the burden of establishing that waiver by 'clear and convincing' evidence." *Route 22 Nissan, Inc. v. Eur. Auto Expo, LLC*, No. A-3504-23, 2025 WL 2717954, at *7 (N.J. Super. Ct. App. Div. Sept. 24, 2025) (citing *Home Owners Constr. Co. v. Borough of Glen Rock*, 34 N.J. 305, 317 (1961)).

Defendants have not come close to meeting that burden. The "party" who must have voluntarily and intentionally relinquished the forum selection clause is Botelho, Peyton, or Shanahan — the individuals who signed the leases and are the contracting parties to whom the clause belongs. *See Marmo & Sons Gen. Contracting, LLC v. Biagi Farms, LLC*, 478 N.J. Super. 593, 607 (App. Div. 2024) ("The definition of waiver therefore focuses predominantly on the intent of the waiving party.").

The entirety of Defendants' showing is that these three Plaintiffs are members of the Tenant Associations, and that the Associations appeared in prior federal proceedings. That is not clear and convincing evidence of a voluntary, intentional,

4

personal relinquishment of a known contractual right by any of these individuals. It is not even the right evidence: membership in an organization does not establish that a member knew of a specific contractual right, let alone that she voluntarily chose to abandon it. None of the three named Plaintiffs filed a pleading in the prior federal actions, moved to intervene, filed a class complaint, or appeared in any way. They are not named parties in either of the Related Actions. Defendants' burden is clear and convincing evidence of intentional relinquishment by these three individuals. What they have offered proves nothing of the kind.

For these reasons, it is irrelevant that the Tenant Associations have referenced the particular facts relating to Ms. Peyton's tenancy in the Related Actions. Defendants' malign Ms. Peyton by characterizing her as a deadbeat tenant who has a "substantial past-due balance." These references highlight the injustice perpetuated by Defendants, who disregarded, and outright violated a legal ruling of a municipal entity by increasing Ms. Payton's rent by nearly 40%, after the Rent Board's ruling. These references are irrelevant to the waiver analysis. They do not even suggest that these Plaintiffs knew of the forum selection clause and deliberately relinquished that right. *See Spaeth v. Srinivasan*, 403 N.J. Super. 508, 514 (App. Div. 2008). The Tenant Associations' allegations that they have been authorized to act on behalf of absent tenants in the now dismissed "Tenant Class Action" are similarly irrelevant. None of these facts establish that the Plaintiffs here had "full knowledge of their

5

legal rights and inten[ded] to surrender those rights." *See Spaeth*, 403 N.J. Super. at 514.

### B.    An Unincorporated Association Cannot Waive Its Members' Individual Contractual Rights

Defendants' theory is that the Tenant Associations' strategic choice to file claims in federal court extinguishes each individual member's personal forum selection clause right. No case holds this, and the principle Defendants advance conflicts with basic agency law and the New Jersey waiver standard itself.

Waiver requires a voluntary, intentional, personal act by the party whose right is at stake. *Knorr*, 178 N.J. at 177; *Fattore v. Fattore*, 458 N.J. Super. 75, 88 (App. Div. 2019) ("waiver of a legal right" requires "a clear, unequivocal, and decisive act of the party showing such a purpose") (cleaned up). A forum selection clause embedded in an individual tenant's residential lease is a personal contractual right of that individual — not a collective right of any association she may have joined. The Tenant Associations' forum choice was their own institutional decision. It was not, and could not have been, the "clear, unequivocal, and decisive act" of each individual member personally relinquishing a known right in her own lease.

This conclusion follows directly from the agency law Defendants themselves invoke. Defendants argue that the Associations were "authorized" to act "on behalf of" members, making the Associations' filing choices attributable to each member. But the scope of an agent's authority is defined by the principal's actual mandate.

6

Restatement (Third) of Agency § 2.02. Authority to prosecute claims on behalf of members — to assert rights — is not authority to surrender the personal contractual rights embedded in each member's individual lease. These are categorically distinct acts. Defendants offer no evidence that Botelho, Peyton, or Shanahan specifically authorized the Associations to waive their personal forum selection clause rights, or even that they knew those clauses existed when the Associations chose to file federally. Without that showing, the agency relationship provides no basis for imputing waiver to these individual Plaintiffs.

Defendants point to no case holding that an unincorporated association's decision to file in federal court waives the forum selection clause in each individual member's personal contract. Every authority Defendants cite for the waiver proposition involves the *same party* who later invokes the clause having previously filed in a non-designated court. *See, e.g., Stovall v. N.J. Mfrs. Ins. Co.*, No. 25-2113, 2025 WL 2200914, at *1 (E.D. Pa. Aug. 1, 2025) (plaintiff personally filed); *Dart Mech. Corp. v. Johnson Controls, Inc.*, No. 13–CV–2941(JS)(WDW), 2013 WL 5937424, at *2–3 (E.D.N.Y. Nov. 4, 2013) (same); *Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F. Supp. 2d 108, 111–12 (E.D.N.Y. 2001) (same). Those cases stand for the unremarkable proposition that a contracting party who personally litigates in the wrong forum can waive the forum selection clause. They say nothing about

7

whether a different entity's prior forum choice waives the individual contractual rights of distinct parties who never appeared.

### C.    N.J.S.A. § 2A:64-1 is a Procedural Mechanism that does not Extinguish Individual Members' Substantive Contractual Rights

Defendants' sole statutory argument is N.J.S.A. § 2A:64-1, which permits an unincorporated association to sue or be sued in its common name "as regards such *common* property, rights and liabilities." (emphasis added). By its plain text the statute operates only with respect to the association's *common* property, rights, and liabilities — not each member's individual contractual rights. A forum selection clause in a tenant's individual residential lease is not a common right of the association; it is a personal contractual right of the individual signatory. The statute provides a procedural vehicle for associations to appear in court. It does not give associations power to extinguish their members' personal contractual protections as a byproduct of institutional litigation strategy.

### D.    Merely Filing Claims in Federal Court Does not Waive a Forum Selection Clause

Even if the Tenant Associations' federal filing were somehow attributable to these Plaintiffs, the mere institution of legal proceedings does not automatically waive a forum selection clause. In the related context of an arbitration agreement,[3] New Jersey courts have held that "the mere institution of legal proceedings without

---

[3] *See Largoza v. FKM Real Est. Holdings, Inc.*, 474 N.J. Super. 61, 85 (App. Div. 2022) (applying the established waiver analysis for arbitration agreements to a forum selection clause).

ostensible prejudice to the other party does not constitute a waiver." *Spaeth*, 403 N.J. Super. at 514. And "simply wasting a party-opponent's time and money" is not sufficient prejudice. *Id.* at 515-16 (holding defendant did not waive the contractual right to arbitrate where the defendant asserted her right to arbitration six months after the plaintiff filed suit and before "any meaningful exchange of discovery.").

Here, the Tenant Class Action was filed on July 2, 2024, and the Court ordered it stayed on September 9, 2024 — before Defendants even responded to the complaint. The case never advanced beyond filing. Defendants neither litigated the merits, engaged in discovery, nor invested resources in substantive defense. No "delay, expense, or damage to [Defendants'] legal position" resulted from the Associations' forum choice. *Cole*, 215 N.J. at 282. As a result, the litigation activity in federal court cannot operate as a waiver of Plaintiffs' forum selection clause.

## II.     EQUITY IS BOUND BY THE FORUM SELECTION CLAUSE

Defendants argue that because Equity signed the leases "as agent for the Owner," it is not personally a party to them and therefore cannot be bound by their forum selection clause. That argument conflates two distinct legal questions: whether an agent bears contractual *liability* on an instrument it signed merely as an agent for a principal, and whether a forum-selection clause in that instrument *applies*

9

to litigation in which the agent is a named defendant. Whatever the answer to the first question, the answer to the second does not favor Equity.

### A. Equity Signed the Leases and is Subject to the Forum Clauses

Equity signed each lease as "Lessor," administered the landlord-tenant relationship, and is named here precisely because of that role. That Equity acted as agent for a disclosed principal does not change the analysis.

The disclosed-principal rule on which Defendants rely is a principle of contractual *liability*: "an agent who contracts on behalf of a fully disclosed principal is not personally liable on the contract." *Kassis v. Blue Ocean Holdings, L.L.C.*, No. A-5200-14T1, 2016 WL 6440650, at *3 (N.J. Super. Ct. App. Div. Nov. 1, 2016). But the question here is not whether Equity is liable *on* the lease. The question is whether Equity can avoid a forum clause contained in an instrument it signed and administered. Those are different questions. Indeed, courts applying agency principles have recognized the reverse: although "an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract," "[b]ecause a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements." *Hinnant v. Am. Ingenuity, LLC*, 554 F. Supp. 2d 576, 582, n.4 (E.D. Pa. 2008) (quoting *Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435, 445

10

(3d Cir. 1999), and *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1121–22 (3d Cir. 1993)).

The same logic governs forum-selection clauses: an agent who signs and administers a contract containing such a clause is covered by it, regardless of whether the agent is personally liable on the underlying obligations. Nothing in the cases Defendants cite addresses whether the disclosed-principal rule insulates a signing agent from the procedural consequences of a forum-selection clause. When Equity signed each lease as "agent for the Owner," it did so with full knowledge that the lease contained a clause requiring all legal action to be tried in Hudson County. The forum clause applies to this litigation.

## B.    Equity is Bound as a Closely Related Party

As detailed above, Equity is not a stranger to these leases. "Under traditional principles of contract law, non-signatories may be bound by a forum selection clause if they are intended third-party beneficiaries of the contract, or if they are closely related parties." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 59 (3d Cir. 2018).

*Canon Fin. Servs., Inc. v. Serveco N. Am., LLC*, No. CV 19-17910, 2020 WL 4035460, at *4 (D.N.J. July 16, 2020) is directly on point. In that case, two individuals argued that because they did not sign a lease in their individual capacities, they were not bound by the lease's forum selection clause. The court

11

rejected this argument, finding allegations that the individuals owned the corporate signatory and benefitted from the agreement containing the forum selection clause supported the finding that the individuals were "closely related to the contract and litigation in this forum was foreseeable." *Id.* at *5; *see also Hayward Indus., Inc. v. CompuPool Prods.*, No. 2:22-CV-07330-JKS-MAH, 2025 WL 88104, at *4-5 (D.N.J. Jan. 14, 2025) (binding non-party director to forum selection clause as closely related party where he was the sole individual signatory to the corporate settlement agreement and enforcement against him was reasonably foreseeable); *Foley & Lewis Racing, Inc. v. Burling*, No. CIV.A. 07-972, 2008 WL 544655, at *3 (D.N.J. Feb. 27, 2008) (finding that Defendant who signed the agreement as CEO for a company, who derived benefit from the Agreement, was closely related to the Company and had standing to enforce the forum selection clause).

Equity is named as "Lessor" on the face of the Leases, which are themselves Equity forms.[4] It signed each lease, collected rent, enforced lease terms, managed every aspect of the landlord-tenant relationship, and is named as a defendant in this action precisely because of that role. In the Prerogative Writ Litigation, Equity alleged that it "is an affiliate of Portside," that it "manages the property," and that it received a benefit by charging Plaintiffs market rent. *See* Case No. 2:23-cv-22291, ECF No. 65, at ¶¶ 28, 112. Here, Equity refers to itself with Portside as the "Portside

---

[4] ECF Nos. 4-2, 4-3, 4-4 ("© Equity Residential 2022" appears in the footer of the leases).

Parties." Opp. Br. at 1. That Equity would be required to litigate lease disputes in the contractually designated forum was not merely foreseeable — it was the explicit, written consequence of the instrument Equity prepared and executed.

Defendants' reliance on *YA Global Invs., L.P. v. Cliff*, 15 A.3d 857 (N.J. Super. Ct. App. Div. 2011), and *McNeill v. Zoref*, 687 A.2d 1052 (N.J. Super. Ct. App. Div. 1997), is misplaced. Both cases involved genuine non-parties — a guarantor and a lender, respectively — with no operational role in the underlying contractual relationship. Neither signed the agreement at issue, collected payments under it, or performed the central obligations of the relationship it created. Equity did all of those things. The protection those cases afford to true strangers to a contract does not extend to an entity that executed the contract, named itself as Lessor, and performed the landlord's obligations under it.

Equity cannot simultaneously hold itself out as Lessor, collect rent, enforce lease obligations, *and* avoid the one clause in those leases that now disadvantages it.

## III.   IF ANY PARTY IS ENTITLED TO FEES, IT IS PLAINTIFFS

Defendants' request for fees finds no support in the law or the record. Defendants initially failed to oppose the motion to remand at all, filing a response only after seeking and obtaining an extension after the original deadline passed without a response. *See* ECF Nos. 13-15. A party that cannot be bothered to timely

oppose a motion is not in a position to demand fees for being "forced to respond" to it.

On the merits, the fee-shifting standard under 28 U.S.C. § 1447(c) runs against Defendants, not Plaintiffs, because a fee award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing 28 U.S.C. § 1447(c)). Defendants are the removing party. They removed a case governed by a forum selection clause they cannot avoid and based on a waiver theory for which they have cited no supporting authority involving a different party's prior filing. That removal lacked an objectively reasonable basis. If fees are awarded to any party, they should be awarded to Plaintiffs.

Defendants' fee request rests on the assertion that Plaintiffs violated "agreements and court orders." That premise is simply false. As established above, Botelho, Peyton, and Shanahan are not parties to the Related Actions; they have entered into no agreements with Defendants or this Court; and no order issued in the Related Actions binds them. Defendants have not identified — because they cannot — a single agreement or court order to which any of these three individuals is a party. The invocation of "agreements and court orders" is thus not a description of these Plaintiffs' conduct; it is another example of the same impermissible conflation that infects Defendants' entire opposition. That Defendants were willing to premise

14

their removal, their opposition, and their fee request on conduct attributable only to different parties with no connection to this action underscores why that removal lacked an objectively reasonable basis. Fees, if awarded at all, belong to Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Remand, return this action to the Superior Court of New Jersey, Hudson County, and award Plaintiffs their request for fees and costs.

Respectfully submitted,

Dated: June 26, 2026        By: _s/ Patrick Howard_
                            Simon Bahne Paris (NJ ID #04982-1996)
                            Patrick Howard (NJ ID #02280-201)
                            Joshua D. Snyder (NJ ID #02390-2001)
                            Benjamin J. Eichel (NJ ID #31779-2019)
                            **SALTZ, MONGELUZZI & BENDESKY, P.C.**
                            8000 Sagemore Drive, Suite 8303
                            Marlton, NJ 08053
                            Telephone: (215) 575-3985
                            Email:    sparis@smbb.com
                                      phoward@smbb.com
                                      jsnyder@smbb.com
                                      beichel@smbb.com

                            Eric J. Nemeth, Esq.
                            **ERIC J. NEMETH, P.C.**
                            55 Madison Avenue, Suite 400
                            Morristown, NJ 07960
                            enemeth@ejcounsel.com

                            Neil D. Marotta, Esq.
                            **MAROTTA & GARVEY**

15

NJ ID #02478-1992
3916 Bergenline Avenue, Suite 2200
Union City, NJ 07087
mglawyers@aol.com

*Attorneys for Plaintiffs and the Proposed Class*

16

## <u>CERTIFICATE OF SERVICE</u>

I, Patrick Howard, served the forgoing document on all counsel of record this

26th day of June 2026 by filing it on the Court's ECF system.


Dated: June 26, 2026          By:  *s/ Patrick Howard*
                                   Patrick Howard (NJ ID #02280-201)
                                   **SALTZ, MONGELUZZI & BENDESKY, P.C.**

17