**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RITA BOTELHO, DASHAWN PEYTON, and MICHAEL SHANAHAN, *individually on behalf of themselves and all others similarly situated,*<br><br>                              Plaintiffs,<br><br>          v.<br><br>THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>                              Defendants. | Case No. 2:26-cv-03932<br><br>MOTION DAY: August 3, 2026<br><br>Hon. Madeline Cox Arleo<br>Hon. Jose R. Almonte |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**PRELIMINARY STATEMENT**

Defendants seek leave to file a sur-reply on the ground that Plaintiffs' Reply raised two purportedly new arguments: (1) that the Tenant Associations do not represent Plaintiffs' individual interests, and (2) that Equity is not bound by the forum selection clause as an agent of a disclosed principal. Neither is new. Each responds directly to arguments Defendants themselves advanced in their opposition to the motion to remand (the "Opposition"). Under the governing standard in this District, that is precisely when a sur-reply is not permitted.

A sur-reply "is meant only to address new issues raised by the opposing party for the first time in a reply brief. It is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief." *Healthquest of Cent. Jersey, LLC v. Antares AUL Syndicate 1274*, No. CV1812375MASDEA, 2020 WL 4431770, at *6 (D.N.J. July 31, 2020) (citations omitted). Defendants had a full and fair opportunity to develop both points in the Opposition. They did. What they now seek is a second bite, dressed up as a response to "new" matter. The motion should be denied.

## ARGUMENT

**I.    Defendants Fully Briefed The Tenant-Association Argument in Their Opposition**

Defendants first assert that the Reply raised a "new" argument that the Tenant Associations represent only institutional or collective interests, not the individual interests of Plaintiffs. That characterization does not survive comparison with Defendants' Opposition, which developed the individual-representation theory at length. Defendants argued that the named Plaintiffs' "interests were explicitly represented by the two unincorporated tenant association plaintiffs," of which "each named Plaintiff is a member." Opposition at 3.[1] They further argued that the Tenant

---

[1] The hollowness of Defendants' arguments about the potential representative role of the Tenant Associations is revealed by their own conduct. Defendants have recently been communicating directly with individual tenants, many of whom are <u>not</u> separately represented by individual counsel. If Defendants were consistent in

Associations had told the Court they were "authorized" by their members to "act on their behalf" and to "assert claims on behalf of all [their] members," and that, "acting on behalf of their members like the three named Plaintiffs here, the Tenant Associations elected to pursue claims in this Court, notwithstanding the forum selection clause." *Id.* at 3. Defendants tied that representation directly to the named Plaintiffs individually, asserting that "[t]he three named Plaintiffs in this case—Ms. Botelho, Ms. Peyton, and Mr. Shanahan—are each members of the Tenant Associations and have had their interests directly represented by the associations in the Related Actions." Opposition at 4. From those premises, Defendants concluded that "[h]aving authorized the Tenant Associations to twice file claims on their behalf against the Portside Parties in this Court, Plaintiffs cannot now turn around and employ the forum selection clause they previously ignored to defeat the Court's jurisdiction." Opposition at 3.

Defendants' own moving papers confirm the point. They acknowledge that the proposed sur-reply would address "the record the Portside Parties cited in their

---

applying their current position that all members of the Tenant Associations are in fact "represented" by the Tenant Associations, they would refrain from such communications, as N.J.R.P.C. 4.2 strictly prohibits an attorney from communicating with a represented party about the subject of the representation without the consent of that party's lawyer. In other words, either Defendants (a) recognize that the Tenant Associations do not in fact stand in the shoes of their individual members (as Plaintiffs contend), or (b) Defendants are knowingly flouting a clear, well-known ethical rule, but both propositions cannot simultaneously be true.

3

opposition and the absence of supporting affidavits for Plaintiffs' new assertions."

Motion at 2. A response that reaches back to the record Defendants already built in

their Opposition is not a response to a new issue. It is a supplement to arguments

Defendants had every opportunity to develop the first time and, on their own

account, did develop. That is not a permissible use of a sur-reply. *See Zahl v. Loc.*

*641 Teamsters Welfare Fund*, No. CIV.A. 09-1100, 2010 WL 3724520, at *3 (D.N.J.

Sept. 14, 2010) ("Because Plaintiff concedes he wanted to file a sur-reply precisely

to provide the Court with information that was previously available to him and not

implicated by Defendant's reply brief, it is highly unlikely the Court would have

granted him leave.").

## II.    Plaintiffs' Arguments on Why Equity is Bound by the Forum Selection Clause are not New

Defendants next contend that Plaintiffs improperly cited certain authorities to

argue that Equity, though signing as agent of a disclosed principal, is nonetheless

bound by the forum selection clause. Again, the argument responds to a position

Defendants themselves advanced. Plaintiffs' Motion for Remand put Equity's role

under the Leases, and the reach of the forum selection clause to non-signatories,

squarely in issue. The Opposition responded to Plaintiffs' arguments and Plaintiffs'

Reply cited authority answering that position.

That Defendants prefer different authority, or believe the cited cases are

distinguishable, is not a basis for a sur-reply. A reply that marshals case law to answer

the opposition's legal theory is doing what replies are for. Permitting a sur-reply to critique that authority would collapse the ordinary briefing sequence and invite the very "second opposition" that Local Civil Rule 7.1(d)(6) is designed to prevent.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for leave to file a sur-reply and proceed to decide the motion to remand on the papers already before it.

Respectfully submitted,

Dated:  July 8, 2026     By:   */s/ Patrick Howard*
                              Simon Bahne Paris (NJ ID #04982-1996)
                              Patrick Howard (NJ ID #02280-2001)
                              Joshua D. Snyder (NJ ID #02390-2001)
                              Benjamin J. Eichel (NJ ID #31779-2019)
                              **SALTZ, MONGELUZZI,**
                              **& BENDESKY, P.C.**
                              8000 Sagemore Drive, Suite 8303
                              Marlton, NJ 08053
                              Telephone: (215) 575-3985
                              Email: sparis@smbb.com
                                   phoward@smbb.com
                                   jsnyder@smbb.com
                                   beichel@smbb.com

                              Eric J. Nemeth, Esq.
                              **ERIC J. NEMETH, P.C.**
                              55 Madison Avenue, Suite 400
                              Morristown, NJ 07960
                              enemeth@ejcounsel.com

                              Neil D. Marotta, Esq.
                              NJ ID # 02478-1992
                              **MAROTTA & GARVEY**

5

3916 Bergenline Avenue, Suite 2200
Union City, NJ 07087
mglawyers@aol.com

*Attorneys for Plaintiffs and the Proposed Class*

6

## CERTIFICATE OF SERVICE

I, Patrick Howard, hereby certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

Dated:  July 8, 2026          */s/ Patrick Howard*
                                    Patrick Howard (NJ ID #02280-2001)