**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RITA BOTELHO, DASHAWN PEYTON, and MICHAEL SHANAHAN, *individually on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>THE TOWERS AT PORTSIDE URBAN RENEWAL COMPANY, LLC and EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:26-cv-03932-MCA-JRA

Judge Madeline Cox Arleo
Magistrate Judge Jose R. Almonte

**DEFENDANTS' LIMITED SUR-REPLY IN FURTHER OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

The Portside Parties[1] submit this limited sur-reply to address new arguments and case law

Plaintiffs raised for the first time in their reply. Specifically, Plaintiffs argue for the first time on

reply that the Tenant Associations do not represent the individual interests of Plaintiffs, despite

the Tenant Associations' express representations to the contrary. Plaintiffs also argue for the first

time on reply that Equity is bound by the forum selection clause pursuant to federal cases that do

not apply to this *state law* issue. The Court should reject these new arguments and deny the motion

to remand.

**I.      The Tenant Associations Represented Plaintiffs' Individual Interests In The Related
          Actions.**

Plaintiffs argue for the first time in reply that they have not waived the forum selection

clause under the Leases because the Tenant Associations, who elected to assert claims on behalf

---

[1] Capitalized terms are defined in the opposition to the motion to remand. ECF No. 16.

1

of their members in federal court, supposedly represent only "institutional" or "collective" interests, not Plaintiffs' individual interests. (Reply at 6-7.) But Plaintiffs never assert the ultimate point—that they did not know the Tenant Associations were litigating their individual interests in this Court, or that they did not consent to it. And they argue this despite the uncontroverted facts and without offering up affidavits supporting any of their assertions.

The uncontroverted facts include:

- Plaintiffs are active members of the Tenant Associations. (*See* ECF No. 16-2 (lists of Association members).) They knew about and were involved in the Related Actions. (*See* ECF No. 16 at 5-6 (discussing Plaintiffs' involvement in the Related Actions).)

- The Tenant Associations' counsel (the same law firms representing Plaintiffs in this action) repeatedly represented to the Court that they represented each individual member of the Tenant Associations, including Plaintiffs. (*See, e.g.*, ECF No. 16-2 (lists produced by the Tenant Associations' counsel of "represented" members of the Tenant Associations); PW Action, ECF No. 136 at 4 (Tenant Associations' counsel discussing representation of individual members in negotiations).)

These facts establish that the Tenant Associations and their counsel were authorized to represent and litigate their members' individual interests in the Related Actions.

The Associations and their counsel's representation of Ms. Peyton in connection with specific issues related to her individual tenancy illustrates the authorization. In the PW Action, the Portside Parties sought the Court's permission to initiate eviction proceedings against certain tenants, including Ms. Peyton. (*See* PW Action, ECF No. 102-1 at 8; PW Action, ECF No. 162).) At the Court's direction, the parties engaged in settlement negotiations, in which the Tenant Associations' counsel represented these individual tenants' interests. (*E.g.*, PW Action, ECF No. 136 at 4 (Tenant Associations' counsel describing settlement negotiations); PW Action, ECF No. 162 (summarizing history of tenants' non-payment of rent and efforts to resolve same).) The Court held a status hearing in June 2025, which Ms. Peyton attended, to discuss these tenants' non-

payment of rent.  (ECF No. 16-5.)  These proceedings concerned individual contractual rights and obligations.

To the extent there is any doubt about the Tenant Associations and their counsel's authorization, it should be resolved with limited jurisdictional discovery regarding the nature of each Plaintiff's authorization and consent with respect to the Tenant Associations' representation of his or her interests in the Related Actions.  *See Callery v. HOP Energy, LLC*, 620 F. Supp. 3d 223, 225-26, 230 (E.D. Pa. 2022) (federal forum deemed appropriate after parties conducted discovery to determine if removal was appropriate); *Mithril GP Emp. Feeder LLC v. McKellar*, 2020 WL 3206555, at *2 (D. Del. June 15, 2020) (denying motion to remand without prejudice and granting defendant's request for discovery to determine if removal was proper).

## II.     Plaintiffs Rely On Inapplicable Law.

Plaintiffs also argue for the first time on reply that, despite signing the Leases as an agent of a disclosed principal, Equity is nonetheless bound by the forum selection clause.  (Reply at 10-11.)  They cite cases where a non-party agent *sought to enforce* an arbitration clause against a party to the agreement.  (*Id.* (citing *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1121-22 (3d Cir. 1993); *Hinnant v. Am. Ingenuity, LLC*, 554 F. Supp. 2d 576 (E.D. Pa. 2008)).)  That is the opposite of the circumstances here, where parties to the agreement, Plaintiffs, seek to enforce a forum selection clause against a *non-party*, Equity.  The Third Circuit has held this "is *not* a distinction without a difference."  *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 224-25 (3d Cir. 2007) (emphasis added).  In the arbitration context, the Third Circuit has held that a non-party agent cannot be forced to arbitrate under an agreement signed only by his principal.  *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444-46 (3d Cir. 1999) (holding that an "employee or agent who did not agree to arbitrate can[not] be compelled to arbitrate his personal liability on the basis of a commitment made by the corporation he serves").  So too, here, Plaintiffs cannot enforce the forum selection clause against a non-party.

Plaintiffs' reliance on the "closely related" doctrine under federal law is equally misplaced because New Jersey does not recognize it.  *See In re McGraw-Hill Glob. Educ. Holdings, LLC*, 909 F.3d 48, 58 (3d Cir. 2018) (holding that the scope of a forum selection clause is governed by state law); *Zydus Worldwide DMCC v. Teva API Inc.*, 461 F. Supp. 3d 119, 136 (D.N.J. 2020) (examining New Jersey law and holding that it does not recognize the "closely related" doctrine).  New Jersey law binds only contracting parties to forum selection clauses.  *McNeill v. Zoref*, 687 A.2d 1052, 1056 (N.J. Super. Ct. App. Div. 1997) (holding that defendants that were not parties to the agreement could not "be funneled through [a] forum-selection clause … into" the

4

contractually selected forum); *see also YA Global Invs., L.P. v. Cliff*, 15 A.3d 857, 862 (N.J. Super. Ct. App. Div. 2011) (similar).

Plaintiffs attempt to distinguish *YA Global* and *McNeill* as concerning "genuine" non-parties but cite no authority for that distinction. (Reply at 13.) It is undisputed that Equity is not a party to the Leases, (*see id.* at 9-10), and under New Jersey law it is therefore not bound by the forum selection clause. *See McNeill*, 687 A.2d at 1056; *YA Global*, 15 A.3d at 862.

Dated: July 7, 2026

Respectfully submitted,

The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC

By: /s/ Derek D. Reed

*Attorney for Defendants The Towers at Portside Urban Renewal Company L.L.C. and Equity Residential Management, LLC*

Derek D. Reed, Esq. (Attorney ID #038062003)
Jeffrey Plaza, Esq.
EHRLICH, PETRIELLO, GUDIN, PLAZA & REED
A Professional Corporation
60 Park Place, 18th Floor
Newark, New Jersey 07102
(973) 643-0040

Terri L. Mascherin (pro hac vice)
Andrew W. Vail (pro hac vice)
Daniel J. Weiss (pro hac vice)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Attorneys for Defendants*